In re OPENING OF ELEVENTH ST. IN CITY OF OLEAN.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

MUNICIPAL CORPORATIONS—STREETS—IMPROVEMENTS—DAMAGES—EASEMENTS.

In proceedings under Laws 1893, c. 478, § 94, amended by Laws 1898, c. 142, § 7, giving the city of Olean authority to open and improve streets, property owners are entitled to substantial damages for lands taken, unless such land was already burdened with an easement in a private right of way in favor of third parties.

Appeal from Cattaraugus county court.

Proceedings by the city of Olean in the opening of Eleventh street. From the judgment of the commissioners awarding damages to Nancy A. Lamper, the city appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

Allen J. Hastings, for appellant.

Dana L. Jewel, for respondent.

ADAMS, P. J. This is an appeal from a judgment of the county court of Cattaraugus county, affirming the award made by commissioners appointed to assess the damages resulting from the opening of Eleventh street in the city of Olean, pursuant to section 94, c. 478, Laws 1893, as amended by section 7, c. 142, Laws 1898, which chapter, as thus amended, constitutes the charter of the city of Olean. The respondent, Mrs. Lamper, is the owner of a house and lot situate upon the south side of Sullivan street in that city. This lot has a frontage of 50 feet, and extends south, at right angles to Sullivan street, a distance of 110 feet. The proposed street runs lengthwise of the lot, and appropriates a strip 35 feet in width upon the west side thereof, upon which is located a portion of the dwelling house occupied by the respondent. There is little or no dispute respecting the material facts of the case, and the only question in the controversy relates to the matter of damages; the respondent claiming that she is entitled to substantial damages, while, upon the other hand, it is contended in behalf of the city that within the rule laid down in the case of Village of Olean v. Steyner, 135 N. Y. 341, 32 N. E. 9, 17 L. R. A. 640, she is entitled to nominal damages only. Before the rule adopted in the Steyner Case can be applied, it would become necessary to show that the land to be appropriated for street purposes was already burdened with an easement in the nature of a private right of way, existing in favor of third parties, that Mrs. Lamper entered into possession of her premises in subordination to the servitude thus imposed, and that the burden would not, therefore, be appreciably increased by converting the private, into a public, right of way over this strip of land. In other words, it must appear that there is another party in existence, who, as against Mrs. Lamper, could enforce a private right of way over this strip of land, in order to justify the city in taking the same for a public street upon the payment of nominal damages only. One of the learned commissioners before whom the question of damages was tried has made it plain in an exhaustive and elaborate opinion that the respondent's premises are not subject to any such servitude, and, if this be so, then, clearly, the case does not fall within the principle contended for by the appellant.

We have examined the facts of the case with much care, and are satisfied that they are correctly set forth in the report and opinion of the commissioners, and that for the reasons already given, as well as for those stated in the opinion of this court in Re Opening of North Fifth Street in City of Olean, 71 N. Y. Supp. 644, the judgment appealed from should be affirmed. Judgment affirmed, with costs. All concur.